[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT BRIDGEPORT HOSPITAL'S MOTION FOR SUMMARY JUDGMENT
The complaint in this matter is in two counts. The first count is directed against Chamberlain Ambulance Service and alleges that this defendant and its agents were negligent when, on January 13, 1986, while taking Elizabeth Sivik out of her residence for transport to the Bridgeport Hospital, they allowed her to fall from the stretcher and strike her right shoulder, sustaining injuries.
The second count is addressed to the defendant hospital and states that, on the same day, she slipped and fell while ambulating in the hospital, sustaining injuries. CT Page 1294
The defendant hospital has moved for summary judgment on this second count on the grounds that the plaintiffs have failed to disclose an expert witness who will testify against the hospital as to a violation of the standard of care and as to the proximate cause issue.
In support of its motion, the defendant argues that in a medical malpractice case, the plaintiff bears a two-fold burden. First, the plaintiff must establish through expert medical testimony that the defendant hospital failed to comply with the applicable standard of care for hospitals providing care and treatment in January, 1986. Then, that the violation of this standard of care was the proximate cause of Elizabeth Sivik's injuries. Grody v. Tukin, 170 Conn. 443, 365 A.2d 1076 (1976).
The defendant claims that the plaintiff's own disclosed expert, Dr. Steven H. Kunkes, an internist with a specialty in cardiovasculatory disease, never expressed the opinion, during his deposition testimony, that the defendant hospital violated the requisite standard of care. He also stated that it was more probable that Mrs. Sivik sustained the fracture to the humeral neck before her admission to the hospital on January 13, 1986.
While the defendant's memorandum referred to attached pages from a deposition, none were in fact supplied in support of the motion.
In opposition, the plaintiffs assert that this is an ordinary negligence — a fall-down — case; this is not an action in medical malpractice. The testimony of Dr. Kunkes and two nurses disclosed as expert witnesses will enable the plaintiffs to prove a case in negligence.
An examination of the second count indicates that most of the several allegations of negligence do not assert medical malpractice but simple carelessness; although a single allegation does appear to sound in medical malpractice.
Under these circumstances, even if the deposition of Dr. Kunkes were supplied, any failure to express an opinion failure to comply with the standard of care for a hospital in a medical malpractice context would not warrant the entry of summary judgment.
The motion for summary judgment is denied.
NIGRO, J. CT Page 1295